UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KESSLER,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER IEROKORMOS, et al.,<br><br>Defendants. | No. 2:19-cv-1738 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was denied adequate medical treatment following an injury to his jaw. Presently before the court is plaintiff's amended complaint for screening (ECF No. 10). For the reasons set forth below the court will give plaintiff the opportunity to proceed with the complaint as screened or to amend the complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 10 at 1.) Plaintiff has named the following defendants: (1) Alexander Ierokornios; (2) David Ramos; (3) Glen Sturges; (4) John Maciel; (5) Preetranjan Shahota; (6) Matthew Pereyda; (7) Chris Connolly; (8) Monica Mathenge; (9) Linda Dacio; and (10) Grace Cho. (Id. at 1-2.)

**A. Claim One**

Plaintiff states that on December 31, 2018, he suffered an injury resulting in a broken jaw. (Id. at 5.) The following day, Dr. Ierokormos operated to repair his jaw placing plates in his jaw through his mouth and neck. Dr. Ierokormos came to see him and told plaintiff he would receive dressing changes, pain medication, and antibiotics. Plaintiff informed Dr. Ierokormos he was allergic to "ampicillian" and Dr. Ierokormos said he would make a note of that. Plaintiff claims he did not receive antibiotics while in the hospital.

On January 3, 2019, plaintiff returned to CSP-SAC and was placed in an outpatient housing unit. Plaintiff asked nurses Pereyda, Connolly, and Mathenge to change his dressings and give him antibiotics. He alleges they would not listen to him and only gave him pain medication. On January 7, 2019, Pereyda finally looked at plaintiff's neck. He noted plaintiff's
////

3

neck was infected. Plaintiff was immediately seen by Dr. Ramos. Dr. Ramos told plaintiff he had not received antibiotics because Dr. Ierokormos had not ordered any.

Plaintiff was taken to San Joaquin General Hospital for emergency surgery. (Id. at 5-6.) After the second surgery plaintiff received antibiotics and dressing changes in the hospital for four days and when he was returned to CSP-SAC. (Id. at 6.)

Plaintiff alleges that following surgery he expressed to Dr. Ierokormos that his jaw did not line up correctly causing him to bite the inside of his mouth. (Id. at 7.) Dr. Ierokormos stated that plaintiff may need to have a second surgery. When the staples were removed on January 29, 2019, plaintiff told Dr. Ierokormos his teeth still were not lining up properly causing him to bite the inside of his mouth, and a plate was sticking out of his mouth. Dr. Ierokormos confirmed plaintiff's teeth were not lined up and stated, "this is not getting any better." Plaintiff was returned to CSP-SAC where he observed that his jaw was pushed to the right. Plaintiff expressed his concerns to the dentist, Dr. Sturges. Dr. Sturges agreed that plaintiff's jaw was not right, but informed plaintiff that his ENT (Ear Nose and Throat specialist, or Otorhinolaryngologist), would have to repair it and the repair would require his jaw to be re-broken. Plaintiff also expressed his concerns to Dr. Maciel who told plaintiff that his teeth were not lining up and the plate should not be sticking out.

Plaintiff alleges that in April he was taken to an outside medical facility and it was determined that his jaw was fractured and infected. (Id. at 9.) Dr. Shahota ordered that plaintiff be treated with antibiotics. Dr. Ierokormos determined that because of the infection two teeth would need to be pulled. Dr. Maciel and Dr. Sturges also stated that two teeth and the plate in plaintiff's jaw would have to be pulled because the infection was in his jaw bone.

**III. Does Plaintiff State a Claim under § 1983?**

**A. Legal Standards under the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

4

could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." McGuckin, 974 F.2d at 1059-60. Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" Farmer, 511 U.S. at 835.

Additionally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**B. Analysis**

**1. Ierokormos**

Plaintiff has alleged that following surgery Dr. Ierokormos failed to prescribe antibiotics and as a result plaintiff developed an infection. Plaintiff also appears to allege that plaintiff failed to repair plaintiff's jaw. Plaintiff has alleged that Dr. Ierokormos knew of plaintiff's

////

5

medical needs and failed to adequately treat them.

Accordingly, the court finds that plaintiff has stated a potentially cognizable Eighth Amendment complaint against Dr. Ierokormos.

### 2. Ramos

Plaintiff has alleged that Ramos observed his jaw and immediately determined that he should be sent to an outside hospital. The allegations indicate that Dr. Ramos was responsive to plaintiff's medical needs because he observed that plaintiff needed further medical attention and promptly sent him out of the prison to receive treatment. As alleged in the complaint, Ramos responded to plaintiff's medical needs.

Accordingly, the court finds that the complaint does not allege facts showing that Ramos was deliberately indifferent to plaintiff's medical needs.

### 3. Pereyda, Connolly, and Mathenge

Plaintiff alleges that he informed nurses Pereyda, Connolly, and Mathenge that he was in pain and needed medical attention and these defendants failed to take action for several days.

Accordingly, plaintiff has alleged a potentially cognizable Eighth Amendment claim against these defendants.

### 4. Sturges and Maciel

Plaintiff alleges that dentists Sturges and Maciel have acknowledged that plaintiff's teeth do not line up correctly and that the plate in his jaw needs to be removed. Plaintiff has further alleged that Sturges stated an ENT would need to fix plaintiff's jaw.

The crux of plaintiff's complaint appears to be that Sturges and Maciel were aware that plaintiff's jaw needed to be fixed but failed to take action to ensure that he received adequate medical care.

Broadly construed plaintiff's allegations against Sturges and Maciel state a potentially cognizable Eighth Amendment claim.

### 5. Dacio and Cho

As in the original complaint, the amended complaint does not contain any factual allegations concerning defendants Dacio and Cho. In order to state a claim against a defendant,

the complaint must allege in specific terms how that defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, the amended complaint fails to state a claim against defendants Dacio and Cho.

**IV.     Amending the Complaint**

As set forth above, the complaint does not contain sufficient facts to state a potentially cognizable claim against some of the named defendants. However, plaintiff will be given the opportunity to proceed with the complaint as screened or file an amended complaint. In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated a claim against defendants Ierokormos, Pereyda, Connolly, Mathenge, Sturges, and Maciel as set forth in Section III above. However, plaintiff has failed to state a claim against defendants Ramos, Shahota, Dacio, and Cho. Accordingly, plaintiff will be given the opportunity to proceed with the complaint as screened or amend the complaint.
2. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
3. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: April 9, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/kess1738.scrn2

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KESSLER,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER IEROKORMOS, et al.,<br><br>Defendants. | No. 2:19-cv-1738 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his due process claims against defendants Ierokormos, Pereyda, Connolly, Mathenge, Sturges, and Maciel. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

Wesley Kessler<br>Plaintiff pro se

10