UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WESLEY W. KESSLER,                | No. 2:19-cv-01738 KJM DB P    |
|---|---|
| Plaintiff,                        |                               |
| v.                                | FINDINGS AND RECOMMENDATIONS  |
| ALEXANDER IEROKORMOS, et al.,     |                               |
| Defendants.                       |                               |

Plaintiff, Wesley W. Kessler, is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. The action proceeds on plaintiff's First Amended Complaint (FAC), as screened by the court, filed February 20, 2020. (ECF No. 10.) Plaintiff asserts a claim against defendant, Alexander Ierokormos, under the Eighth Amendment for deliberate indifference to medical need.

Before the court is Dr. Ierokormos's motion to dismiss, which argues that plaintiff failed to allege sufficient facts to state a cognizable Eighth Amendment claim. (ECF No. 34.) For the foregoing reasons, the court will recommend that defendant's motion to dismiss be denied.

## BACKGROUND

**I.    Procedural Background**

Plaintiff filed this action pursuant to 42 U.S.C § 1983 on September 3, 2019. (ECF No. 1.) Plaintiff filed his FAC on February 20, 2020. (ECF No. 10.) Following the screening

1

process, plaintiff elected to proceed on his Eighth Amendment claims against defendants Alexander Ierokormos, Matthew Pereyda, Chris Connolly, Monica Mathenge, Glen Sturges, and John Maciel.[1]  (ECF No. 12.)  Plaintiff voluntarily dismissed all other claims and defendants. (ECF No. 12.)  In his FAC, the plaintiff alleges that Dr. Ierokormos was deliberately indifferent to plaintiff's serious medical need when he failed to prescribe antibiotics for the plaintiff and when he failed to repair the misalignment of plaintiff's jaw.  (ECF No. 10 at 5-7.)

The court, finding the complaint presented cognizable claims against Dr. Ierokormos, ordered service appropriate.  (ECF No. 13.)  On November 30, 2020, Dr. Ierokormos filed a motion to dismiss.  (ECF No. 34.)  Plaintiff filed an opposition to the motion to dismiss on December 21, 2020.  (ECF No. 36.)  Dr. Ierokormos filed a reply to plaintiff's opposition to the motion to dismiss on December 28, 2020.  (ECF No. 37.)

**II.     Factual Allegations**

In his complaint, plaintiff states that at all relevant times he was incarcerated by the California Department of Corrections and Rehabilitation (CDCR) at California State Prison, Sacramento (CSP-Sac).  (ECF No. 10 at 1.)  Plaintiff's complaint contains the following allegations: On December 31, 2018, plaintiff suffered a broken jaw.  (Id. at 5.)  Dr. Ierokormos acted as plaintiff's ear, nose, and throat (ENT) doctor.  (Id. at 3.)  On January 1, 2019, Dr. Ierokormos performed surgery on plaintiff to repair his broken jaw.  (Id. at 5.)  This surgery involved the placement of plates and wires inside plaintiff's mouth.  (Id. at 7.)

Dr. Ierokormos told the plaintiff that he would prescribe pain medication and antibiotics for plaintiff to take following the surgery.  (Id. at 5.)  Plaintiff was prescribed pain medication but was not prescribed antibiotics.  (Id.)  On January 7, 2019, Dr. David Ramos informed the plaintiff that his neck was "very infected" and that Dr. Ierokormos had not ordered antibiotics.  (Id.)  As a result of the infection, plaintiff was transported to the hospital and received an additional operation.  (Id. at 5-6.)

---

[1] Dr. Ierokormos is represented separately from the other defendants.  All other defendants have filed an answer to plaintiff's FAC.  (ECF No. 35.)  As such, these findings and recommendations will focus solely on the claims against Dr. Ierokormos and his motion to dismiss.

1   Following the initial surgery, plaintiff informed Dr. Ierokormos that his teeth were not
2   aligning and that he was biting the inside of his cheek. (Id. at 7.) Dr. Ierokormos informed
3   plaintiff that if the position of his jaw did not improve, plaintiff would need to undergo surgery to
4   have his jaw broken and correctly set. (Id.) On January 29, 2019, Plaintiff again informed Dr.
5   Ierokormos that his jaw was not aligning properly. (Id.) Plaintiff also informed Dr. Ierokormos
6   that the plate that had been inserted was sticking out of his mouth. (Id.) Dr. Ierokormos told
7   plaintiff that his jaw position was not improving. (Id.) Dr. Sturges and Dr. Maciel also
8   confirmed that plaintiff's jaw was misaligned and that the plate should not be sticking out. (Id.)
9   At the time plaintiff filed his FAC, over a year had passed since the initial surgery. (Id.) Plaintiff
10  had not received any treatment for his misaligned jaw and the protruding plate. (Id.) The jaw
11  misalignment and protruding plate causes plaintiff constant pain and makes it difficult for him to
12  chew food. (Id.)

**STANDARD OF REVIEW**

14   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for
15  "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a
16  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
17  plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.
18  Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads
19  factual content that allows the court to draw the reasonable inference that the defendant is liable
20  for the misconduct alleged." Id. The court must accept as true the allegations of the complaint,
21  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading
22  in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se
23  complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic
24  recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal,
25  556 U.S. at 678.
26   A motion to dismiss for failure to state a claim should not be granted unless it appears
27  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
28  entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

3

Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).  The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'"  Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

## ANALYSIS

### I.     Eighth Amendment—Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  First, a plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 F.2d at 1059).  Second, a plaintiff must show the defendant's response to the need was deliberately indifferent.  Id.  This can be established by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

4

and (b) harm caused by the indifference. Id. The harm claimed by the plaintiff need not be substantial, though substantial harm can provide additional support to the plaintiff's claim. Id.

Inadvertent failure to provide adequate care or negligence in diagnosing or treating a medical condition is not sufficient to sustain an Eighth Amendment claim. Estelle, 429 U.S. at 105. A difference of medical opinion does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981)). A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106.

### A. Failure to Prescribe Antibiotics to Plaintiff

Plaintiff alleges that Dr. Ierokormos was deliberately indifferent to plaintiff's serious medical need when he failed to prescribe antibiotics. Plaintiff claims this caused him to experience pain and need additional surgery. Dr. Ierokormos argues that the facts alleged by the plaintiff do not show the failure to provide antibiotics was "anything other than, at most, an inadvertent oversight…." (ECF No. 34 at 6.) Dr. Ierokormos further argues that plaintiff alleges facts that "at best, only state a claim of malpractice or professional negligence…." (Id.) Dr. Ierokormos also asserts that plaintiff's allegations show he acted reasonably by providing surgical intervention and follow-up examinations for the plaintiff. (Id.)

On a motion to dismiss, the court must consider all allegations in the plaintiff's complaint as true. Hospital Bldg. Co., 425 U.S. at 740. Thus, under the facts in the plaintiff's complaint, Dr. Ierokormos was aware of plaintiff's need for antibiotics after surgery yet failed to prescribe them. Further, Dr. Ramos confirmed that it was Dr. Ierokormos's inaction that caused the plaintiff to not receive antibiotics. As a result of not receiving antibiotics, plaintiff's neck became infected. This caused plaintiff pain and made it necessary for him to undergo further surgery. As such, plaintiff has alleged sufficient facts to state a claim of deliberate indifference to serious medical need under the Eighth Amendment. While Dr. Ierokormos may ultimately prevail on his argument that he acted reasonably under the circumstances, here the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support this claim. Usher v.
////

5

1  City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Scheuer v. Rhodes, 416 U.S. 232,
2  236 (1974)).
3      Accordingly, it is recommended that the plaintiff has alleged sufficient facts to state a
4  cognizable Eighth Amendment claim of deliberate indifference against Dr. Ierokormos for failing
5  to prescribe antibiotics for the plaintiff.

**B. Failure to Treat Plaintiff's Mispositioned Jaw and Protruding Plate**

Plaintiff alleges that Dr. Ierokormos was deliberately indifferent to plaintiff's serious medical need when he failed to treat plaintiff's misaligned jaw and protruding plate. Dr. Ierokormos contends that plaintiff is merely dissatisfied with the results of the surgery. Dr. Ierokormos argues that plaintiff's dissatisfaction does not show he was deliberately indifferent.

The deliberate indifference plaintiff alleges is the failure to treat plaintiff's jaw misalignment and the protruding plate following the surgery. These issues allegedly occurred due to the initial surgery. However, plaintiff does not appear to claim that the results of the initial surgery amounted to deliberate indifference. Instead, plaintiff alleges that Dr. Ierokormos showed deliberate indifference by failing to subsequently fix the alignment of plaintiff's jaw and the protruding plate in the year following the initial surgery. As such, plaintiff's claim is not that he is dissatisfied with the results of the surgery, but that Dr. Ierokormos failed to treat issues that arose from that surgery.

Plaintiff has alleged facts that show plaintiff informed Dr. Ierokormos immediately following the surgery that his jaw was not aligned. Plaintiff claims that he had a later discussion with Dr. Ierokormos where he again informed Dr. Ierokormos that he was experiencing pain and discomfort. Plaintiff also claims that Dr. Ierokormos and other doctors told him that his jaw needed to be rebroken and properly set. With these facts, plaintiff alleges that there existed a serious medical need, that Dr. Ierokormos was aware of the medical need, and that he failed to take steps to treat it.

Accordingly, it is recommended that the plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment claim of deliberate indifference against Dr. Ierokormos for failing to treat plaintiff's misaligned jaw and the plate protruding from his mouth.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Dr. Ierokormos's motion to dismiss (ECF No. 34) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:14
DLB1/orders/prisoner-civil.rights/kess1738.mtd_fr

7